# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ERNEST HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:18-cv-41 (MTT) |
| | ) |
| GEORGE BOYER, | ) |
| | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends granting the Respondent's motion to dismiss Petitioner Howard's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition was untimely filed. Doc. 12. The Petitioner has objected, and pursuant to 28 U.S.C. § 636(b), the Court reviews the Recommendation de novo. For the following reasons, the Recommendation (Doc. 12) is **ADOPTED as modified**, and the Respondent's Motion to Dismiss (Doc. 8) is **GRANTED**.

In 1987, the Petitioner was convicted in state court of aggravated assault, kidnapping with bodily injury, and rape. Doc. 12 at 1. As recounted by the Georgia Court of Appeals, "[t]he procedural history of Howard's case following his 1987 conviction can aptly be described as tortuous." *Howard v. State*, 340 Ga. App. 133, 135, 796 S.E.2d 757, 761 (2017). In 1989, the Petitioner's motion for a new trial in the trial court was denied. *Id.* at 796, 761. The record for what followed the 1989 ruling is murky, and the parties have not communicated much of the relevant procedural history.

It is unclear whether or when the Petitioner received a copy of the order denying his motion for a new trial, but he claims he did not receive that order until 1992. *Id.* His direct appeal was dismissed as untimely. Doc. 12 at 1. According to the Georgia Court of Appeals, "[o]ver the course of the next 20 years, Howard, for the most part acting *pro se*, filed numerous motions with the trial court and nearly as many unsuccessful attempts to appeal the denials of those motions." *Howard*, 340 Ga. App. at 135, 796 S.E.2d at 761.

Those motions included applications for state postconviction relief and for a writ of habeas corpus. Again, because the record is scant on procedural history, the Court's only source for that history is a brief from the Petitioner's first federal habeas action, *Howard v. Smith*, 5:05-cv-91.[1] In that brief, the respondent claimed the Petitioner had filed a 2003 petition for state postconviction relief in the Superior Court of Tattnall County, which was denied, and that the Georgia Supreme Court denied a certificate of probable cause to appeal in 2004. *Howard*, 5:05-cv-91, Doc. 35 at 3. The respondent's counsel referenced exhibits it had filed with the court, exhibits which presumably supported that procedural history.[2] *See id.* It is unclear from the record why the superior court denied postconviction relief.

---

[1] The Court does not take the history drawn from the respondent's brief in the first habeas action as established, and that history is not necessary to resolve the motion to dismiss. The history drawn from that brief is included only as context which, because there is so little history in the docket record, may provide helpful context for the issues in this procedurally "tortuous" case. *Howard*, 340 Ga. App. at 135, 796 S.E.2d at 761.

[2] In 2013, approximately seven years after the Eleventh Circuit informed this Court that the Supreme Court of the United States had denied the petition for a writ of certiorari, the exhibits filed by the respondent were disposed of. Notice of Exhibits Document(s) Disposal, *Howard v. Smith*, 5:05-cv-91 (October 8, 2013).

In 2005, the Petitioner filed his first application for a writ of habeas corpus in this Court, but the application was dismissed as untimely. The Court concluded that because his conviction had become final several years before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the one-year limitations period began to run on April 24, 1996. *Howard*, 5:05-cv-91, Docs. 63; 54 at 2. Because the Petitioner filed his first state petition in 2003 and his first federal petition in 2005, the Court found the 2005 petition untimely. *Howard*, 5:05-cv-91, Docs. 63; 54 at 2; 35 at 5.

In 2013, Howard moved in state court for leave to file an out-of-time appeal, alleging he did not receive, until 1992, a copy of the trial court's 1989 order denying his motion for reconsideration. *See Howard*, 340 Ga. App. at 135-36, 796 S.E.2d at 761. Like Howard's previous motions, that one was denied. *Id*. But the Georgia Court of Appeals "vacated the trial court's judgment"[3] and remanded for the trial court to determine whether Howard had received timely notice of the 1989 order. *Id*. The trial court found it could not determine whether Howard had received notice before 1992 and granted leave to file an out-of-time appeal. *Id*. In the new appeal, the Petitioner argued the evidence was insufficient to support his conviction, the state had failed to carry its burden of proving venue beyond a reasonable doubt, and the trial court erred in denying his claim for ineffective assistance of counsel. *Id*. at 135-142, 761-765. On February 1, 2017, The Georgia Court of Appeals addressed those arguments on the merits and affirmed the trial court's 1987 conviction and 1989 denial of his motion for a new trial. *Id*.

---

[3] Again, due to the deficiency of the record, it is unclear precisely what "judgment" was vacated by that order. The decision was unpublished and is unavailable.

After that affirmance, the Petitioner filed the present petition on January 31, 2018, raising many of the same arguments he raised in his out-of-time appeal, but adding a claim of ineffective assistance of counsel handling the out-of-time appeal. Doc. 12 at 3-4. The Magistrate Judge found that "[o]nly Petitioner's claims of ineffective assistance of appellate counsel relating to Petitioner's out-of-time direct appeal are properly before the Court, as those claims did not arise or ripen until after the conclusion of the Petitioner's prior Section 2254 habeas petition." *Id.* at 4-5 (citing *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011)).

The Magistrate Judge noted that the ineffective assistance of appellate counsel claims are being litigated in pending state postconviction proceedings and are, therefore, subject to dismissal for failure to exhaust. *Id.*; *see* Doc. 10-1. After review, the Court accepts and adopts the above findings and conclusions.

Despite the failure to exhaust, the Magistrate Judge ultimately recommended dismissing the petition as untimely, finding that the Petitioner's conviction became final on April 24,1996, and the one-year limitations period imposed by AEDPA had lapsed. Doc. 12 at 5; *see* 28 U.S.C. § 2244(d)(1)(A). However, there are a few considerations which support dismissing for failure to exhaust rather than dismissing for untimeliness. Foremost is the problem of determining when the conviction became final. AEDPA provides that the one-year limitations period runs from the "latest of" four triggering dates. The first, which is the only one addressed in the Respondent's motion to dismiss, is the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Typically, a state court's grant of out-of-time direct appeal reopens the finality of the

conviction and resets the statute of limitations. *Jimenez v. Quarterman*, 555 U.S. 113 (2009). Under *Jimenez*, therefore, the Petitioner's conviction would not be final until some time after February 1, 2017.[4] As the Magistrate Judge noted, however, *Jimenez* expressly declined to consider whether a state court's grant of out-of-time direct appeal reopens the finality of the conviction where, as here, a federal habeas petition had already been filed. *Id.* at 121. There is some support for the proposition that the grant of an out-of-time appeal does not reopen finality when a federal habeas petition has previously been filed. *O'Neal v. Kenny*, 579 F.3d 915 (8th Cir. 2009), *cert. denied*, 559 U.S. 911.

But *O'Neal* does not definitively resolve the issue for two reasons. First, the Eleventh Circuit has not yet addressed whether finality is reopened by the grant of an out-of-time appeal when a prior federal habeas petition was filed. Second, the effect of a grant of out-of-time appeal on finality under 28 U.S.C. § 2244(d)(1)(A) likely depends, in part, on state law. In *O'Neal*, the court found the date of finality was unaffected by the out-of-time appeal, in part because "the grant of a new direct appeal constitute[d] a new appellate process" under Nebraska law. *O'Neal v. Kenny*, 501 F.3d 969, 970 (8th Cir. 2007), *cert. granted, judgment vacated,* 555 U.S. 1133 (2009), *opinion reinstated in part*, 579 F.3d 915 (2009) ("We therefore adopt our prior analysis in *O'Neal III*, 501 F.3d

---

[4] It is unclear from the Respondent's exhibits whether the Petitioner filed a petition for certiorari with the Georgia Supreme Court after the Georgia Court of Appeals affirmed his conviction. If he did not, his conviction would be final either ten or twenty days after February 1, 2017. *Compare Pugh v. Smith,* 465 F.3d 1295, 1299 (11th Cir. 2006) and *Jackson v. Chatman*, 589 F. App'x 490, 491 (11th Cir. 2014) (citing Ga. Sup. Ct. R. 38(1)) (finding that a conviction becomes final after the expiration of the ten-day period for filing a "notice of intention to apply for certiorari" with the Georgia Supreme Court) *with Phillips v. Warden*, 908 F.3d 667, 672 (11th Cir. 2018) (citing Ga. Sup. Ct. R. 38(2)) (finding that a conviction becomes final after the expiration of the twenty-day period for filing a "petition for certiorari" with the Georgia Supreme Court). Of course, if the Petitioner filed a petition for certiorari with the Georgia Supreme Court and the United States Supreme Court, which the Court simply does not know based on the records provided by Respondent, his conviction would not be final until a later date.

at 970-71, and conclude that O'Neal's petition is time barred."). In *Jimenez*, by contrast, the Texas Court of Criminal Appeals had expressly described its grant of an out-of-time appeal as a *reinstatement* of his direct appeal, rather than a new appellate process. *Jimenez*, 555 U.S. at 116; *see also Brooks v. Cain*, 354 F. App'x 870, 872 (5th Cir. 2009) (citations omitted) (noting that the grant of an out-of-time appeal in Louisiana is, like that in Texas, a "'reinstatement of [the] right to appeal'"). Because the Georgia Court of Appeals decision granting an out-of-time appeal is not on record and because the motion to dismiss does not address the applicable state law, the Respondent has failed to demonstrate the petition is untimely.

Additionally, the Petitioner has stated enough facts to indicate that 28 U.S.C. § 2244(d)(1)(D), rather than § 2244(d)(1)(A), may apply to his ineffective assistance of appellate counsel claim. *Zack v. Tucker*, 704 F.3d 917, 922-23 (11th Cir. 2013) (holding "that the statute of limitations in AEDPA applies on a claim-by-claim basis"). Under 28 U.S.C. § 2244(d)(1)(D), the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." An ineffective assistance of counsel claim requires the Petitioner to show deficient performance and prejudice, and the alleged errors by counsel and prejudice resulting from those errors would not have been reasonably discoverable before he received notice that the Court of Appeals affirmed the original conviction. *See Strickland v. Washington*, 466 U.S. 668 (1984). Because the opinion affirming the conviction was issued on February 1, 2017, the Petitioner's application for a writ of habeas in this case, filed January 31, 2018, is timely if § 2244(d)(1)(D) applies. *Howard*, 340 Ga. App. at 133, 796 S.E.2d at 757; *Howard*, 5:18-cv-41, Doc. 1; *see*

*Aufleger v. Saffle*, 3 F. App'x 861, 864 (10th Cir. 2001) (applying § 2244(d)(1)(D) to an ineffective assistance of counsel claim); *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (same); *see also Johnson v. United States*, 544 U.S. 295 (2005) (holding that notice of a court order can be a "fact" to start AEDPA's one-year period running in the context of § 2255); Means, *Federal Habeas Manual* § 9A:38 (discussing when a court order can qualify as a "factual predicate" for purposes of § 2244(d)(1)(D)).

Even if § 2244(d)(1)(D) applies, however, the ineffective assistance of appellate counsel claim is still unexhausted. This claim is currently pending in the Petitioner's state habeas action, which was filed on January 22, 2018. Doc. 12 at 5; *see* Doc. 10-1. Accordingly, the Petitioner has failed to exhaust his claims, including his claim for ineffective assistance of appellate counsel. Doc. 12 at 5. On the failure to exhaust, the Court accepts and adopts the findings and conclusions of the Magistrate Judge.[5] The Respondent, therefore, has failed to show the petition is subject to dismissal for untimeliness, but has shown it is subject to dismissal for failure to exhaust.

Additionally, because the Petitioner has not made a substantial showing that he was denied a constitutional right and because the Court's ruling that the Petitioner has not exhausted his claims is not "debatable among jurists of reason," *see Buck v. Davis*, 137 S. Ct. 759, 777 (2017), the Court agrees with the Magistrate Judge that a certificate of appealability should be denied. Doc. 12 at 10. Accordingly, the Recommendation (Doc. 12) is **ADOPTED as modified**, the Defendant's motion to dismiss (Doc. 8) is

---

[5] Because the pendency of a federal habeas petition does not toll the statute of limitations, courts will sometimes stay mixed petitions while the Petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269 (2005). A stay is inappropriate here because the Petitioner has not filed a mixed petition. It appears he is currently exhausting his state court remedies in an action filed on January 22, 2018. *See* Doc. 10-1 at 1. This pending state postconviction proceeding tolls AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The Petitioner will need to file a timely § 2254 action after he has fully exhausted his state remedies.

**GRANTED**, and the petition (Doc. 1) is **DISMISSED** without prejudice.  A certificate of appealability is **DENIED**.  Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3). Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

    **SO ORDERED**, this 26th day of February, 2019.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
